**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4014

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JUSTIN DEWAYNE BARR,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:09-cr-00515-TLW-1)

Submitted:  June 29, 2011              Decided:  July 12, 2011

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South
Carolina, for Appellant.  Carrie Ann Fisher, Assistant United
States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Dewayne Barr pleaded guilty, pursuant to a plea agreement, to one count of felon-in-possession of ammunition in violation of 18 U.S.C. § 922(g) (2006) and one count of possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal after resentencing, Barr's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he finds no meritorious issues for appeal. Counsel questions (1) whether this court has jurisdiction over this appeal because no notice of appeal was filed after resentencing on remand, and (2) whether the district court erred in designating Barr a career offender. Barr, in a supplemental filing, calls for the retroactive application of the Fair Sentencing Act of 2010 to his sentencing.

Our review leads us to conclude that we do, in fact, have jurisdiction over this appeal. In our limited remand for resentencing, we specifically retained jurisdiction over the appeal. Thus, no new notice of appeal was required to be filed after the resentencing.

Because Barr failed to object to the career offender designation in the district court, we review the imposition of that designation for plain error. United States v. Branch, 537 F.3d 328, 343 (4th Cir. 2008). We find no such error. Barr's

2

two predicate offenses, strong arm robbery and distribution of cocaine base, were separated by an intervening arrest. Therefore, despite Barr being sentenced on the same day for both offenses, the two offenses are counted separately. U.S. Sentencing Guidelines Manual § 4A1.2 (2008). Contrary to Barr's assertions, South Carolina's common law offense of strong arm robbery does qualify as a "crime of violence" for purposes of the Guidelines. See USSG § 4B1.2(a). Despite the relatively light penalty actually served by Barr, the convictions count as "prior felony convictions" because the offenses are punishable by terms of imprisonment exceeding one year. See USSG § 4B1.2 cmt. n.1. Thus, the district court properly counted both offenses as separate predicate offenses for purposes of designating Barr a career offender under USSG § 4B1.1.

Barr also seeks retroactive application of the provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220. We recently foreclosed this argument for offenders, like Barr, who were sentenced before its effective date. United States v. Bullard, ___ F.3d ___, No. 09-5214, 2011 WL 1718894, at *10 (4th Cir. May 6, 2011) ("We agree with all eight circuits that have ruled on the issue that the FSA contains no express statement of retroactivity, nor can any such intent by inferred from its language."). Thus, this ground lends Barr no aid.

3

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Barr's convictions and sentence. This court requires that counsel inform Barr, in writing, of the right to petition the Supreme Court of the United States for further review. If Barr requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barr.

Barr's pending motions to file pro se supplemental briefs are denied as moot. His motion to seal is also denied and his motion to withdraw is hereby struck. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4